# IN THE COURT OF APPEALS OF IOWA

No. 19-1460
Filed November 27, 2019

**IN THE INTEREST OF K.W.,**
**Minor Child,**

**S.W., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Iowa County, Jason A. Burns, District

Associate Judge.

A mother appeals the termination of her parental rights to her minor child.

**AFFIRMED.**

Peter Stiefel, Victor, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

Deborah M. Skelton, Walford, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., Vaitheswaran, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

This family has prior involvement with the Iowa Department of Human Services (DHS)—the child tested positive for methamphetamine, amphetamines, and marijuana at birth in 2015.  This family again came to the attention of DHS in April 2018 upon allegations the mother was using methamphetamine and selling the substance from the family home.  The mother's mental health also became a concern during the proceedings.  The child was removed from the mother's care and was never returned.  The child was adjudicated in need of assistance as to the mother in June.

The mother never progressed beyond fully-supervised visitation, which she was generally inconsistent in attending.  She refused drug testing and substance-abuse treatment.  She has taken no meaningful steps to address her mental-health issues.  The mother was allowed an additional six-months to work toward reunification; she squandered the extension.[1]  She had unstable housing throughout the proceedings until, allegedly, shortly before the termination hearing in 2019.  The juvenile court ultimately terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (f) (2019).  The mother appeals.[2]

Our review is de novo.  *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).  Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793,

---

[1] The DHS worker testified the mother was only granted an extension because the identity of the biological father was identified around the same time.

[2] The paternity of the child's legal father was disestablished during the proceedings.  The parental rights of the child's biological father were terminated along with the mother's.  He did not participate in the proceedings or services and does not appeal.

798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

The mother challenges the sufficiency of the evidence supporting the statutory grounds for termination cited by the juvenile court, argues termination is not in the child's best interests due to the strong parent-child bond, maintains the court erred in declining to apply the permissive exception to termination contained in Iowa Code section 232.116(3)(c) to avert termination, and asserts a guardianship should have been established in lieu of termination.

Upon our de novo review, we conclude the evidence was sufficient to support termination under Iowa Code section 232.116(1)(f). *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence."). Having given "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child," we conclude termination is in the child's best interests. *See* Iowa Code § 232.116(2). While we acknowledge a bond exists between the mother and child, we conclude the application of the permissive exception contained in Iowa Code section 232.116(3)(c) would be contrary to the child's best interests, which is our primary concern. *See J.E.*, 723 N.W.2d at 798. Finally, we conclude termination followed by adoption, as opposed to the uncertainty of a guardianship—which "is not a legally preferable alternative to termination," *In re A.S.*, 906 N.W.2d 467, 477 (Iowa 2018) (citation omitted)—is the best permanency option for this young child.

We affirm the termination of the mother's parental rights without further opinion pursuant to Iowa Court Rule 21.26(1)(a) through (e).

**AFFIRMED.**